United States District Court
Southern District of Texas
**ENTERED**
June 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BDFI, LLC, | § | |
| | § | |
| Appellant, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-145 |
| | § | |
| WALKER & PATTERSON, P.C., | § | |
| | § | |
| Appellee. | § | |

## ORDER ON MOTION TO DISMISS

Appellant, BDFI, L.L.C. (BDFI) filed this appeal of an order granting attorney's fees to Appellee, Walker & Patterson, PC (WP), for work done in connection with the Chapter 11 bankruptcy reorganization of 2500 West Loop, Inc. (2500WL). Before the Court is WP's Motion to Dismiss for Lack of Standing (D.E. 10). BDFI has not filed a response to the motion and the time for doing so has expired. Pursuant to Local Rule 7.4, failure to respond to a motion is deemed to be a representation of no opposition to the relief sought. Nonetheless, the Court considers the merits of the motion pursuant to *Hibernia National Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277 (5th Cir. 1985) (cautioning courts against treating a respondent's default as dispositive without reference to the merits).

## FACTS

BDFI, which is solely owned by Brad Parker, is the parent company of 2500WL. D.E. 3, pp. 054, 311. Parker is also the President and sole decision-maker for 2500WL. *Id.*, pp. 023, 311. While details in the record are sparse, the only significant asset of

2500WL reported on its bankruptcy schedules is a $16 million promissory note secured by a deed of trust on the Beal Bank Building located on Houston's West Loop.  D.E. 3, pp. 034-035, 297.   Issues arose with respect to the promissory note, including its $16 million valuation, prompting commencement of litigation of largely unspecified claims and counterclaims.  *Id*., pp. 050 (financial disclosures), 067 (notice of usury), 071 (motion to lift stay for pending litigation).

Apparently to forestall a negative outcome of the litigation, Parker entered into a $300,000 flat fee agreement with WP to represent 2500WL in a voluntary bankruptcy reorganization.  The company also made an initial payment of $100,172.77 toward that fee.  *Id*., pp. 051, 061.  WP filed the bankruptcy case on behalf of 2500WL on October 12, 2018, and on November 26, 2018, obtained an order permitting it to act as counsel for the Debtor 2500WL.  *Id.*, pp. 025 (bankruptcy petition), 080 (order authorizing employment and payment).  The order included approval of the flat fee agreement and the initial payment that had been made.

Less than three months after filing the petition for relief, on February 4, 2019, the bankruptcy court appointed the United States Trustee to act as Chapter 11 Trustee.  *Id*., p. 172.  On application of the United States Trustee, Allison D. Bynam was appointed as Chapter 11 Trustee of the case.  *Id*., p. 177.  Bynam assumed possession of the 2500WL estate and obtained a court order on March 12, 2019, appointing her firm as counsel.  *Id*., p. 244.  Thereafter, WP ceased to do any work on the case.  WP further refused to meet with Parker to discuss any actions that 2500WL could take in the course of the

bankruptcy because Parker's interest at that point was to protect his equity, through BDFI, which WP considered to represent a conflict of interest. D.E. 3, p. 299.

On April 17, 2019, WP filed for an order to approve payment of the balance of the flat fee under the approved contract. *Id.*, p. 245. BDFI filed an objection.[1] *Id.*, p. 253. After an evidentiary hearing of the matter on May 9, 2019, the bankruptcy court overruled the objection and approved the final payment. *Id.*, p. 269. BDFI appeals that decision in this case. WP moves for dismissal of the appeal, arguing that BDFI does not have standing. WP points out that BDFI is not the debtor, is not a creditor of the debtor, did not pay—and was not liable for—any part of the attorney's fee, and thus could not be a "person aggrieved" sufficient to support standing. BDFI appears to be only an equity security holder.

## DISCUSSION

Standing to appeal a bankruptcy court decision is a question of law. *Furlough v. Cage (In re Technicool Sys., Inc.)*, 896 F.3d 382, 385 (5th Cir. 2018). And it involves a bankruptcy-specific test.[2] Under the Bankruptcy Code, BDFI was clearly an "interested party," with the right to participate in the decision at the trial stage. 11 U.S.C. § 1109(b). However, that does not translate into a right to appeal.

> Bankruptcy cases often involve numerous parties with conflicting and overlapping interests. Allowing each and every party to appeal each and every order would clog up the

---

[1] While the title of the document indicates that BDFI and the Debtor were objecting to payment of the fee, the body of the document refers only to BDFI and the attorney signed solely on behalf of BDFI.

[2] Article III standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (listing the irreducible minimum of constitutional standing) does not apply. *Furlough*, 896 F.3d at 385 n.4 (citing *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation*, 32 F.3d 205, 210 n.18 (5th Cir. 1994) (explaining that "Article III is inapplicable to bankruptcy courts").

> system and bog down the courts. Given the specter of such sclerotic litigation, standing to appeal a bankruptcy court order is, of necessity, quite limited.

*Furlough*, 896 F.3d at 385; *see also, In re Coho Energy Inc.*, 395 F.3d 198, 202 (5th Cir. 2004); *Matter of Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983); *In re AFY*, 734 F.3d 810, 824 (8th Cir. 2013) (specifically distinguishing status as a party-in-interest from a person-aggrieved).

The limited right to appeal is afforded to "persons aggrieved by an order"—language the courts have carried through subsequent Bankruptcy Code amendments from the Bankruptcy Act of 1898. *Fondiller*, 707 F.2d at 443; *see also, AFY*, 734 F.3d at 824; *In re EToys, Inc.*, 234 Fed. App'x 24, 25 (3d Cir. 2007); *In re Saldana*, 534 B.R. 678, 684 (N.D. Tex. 2015). According to this test, "appellant must show that he was 'directly and adversely affected pecuniarily by the order of the bankruptcy court' in order to have standing to appeal." *Coho Energy*, 395 F.3d at 203 (quoting *Fondiller*, 707 F.2d at 443).

The consensus in the caselaw is that status as a shareholder, alone, is not sufficient to demonstrate a direct and adverse pecuniary effect necessary for standing. The shareholder's interest is derivative, not direct. *See e.g., AFY*, 734 F.3d at 820; *EToys*, 234 Fed. App'x at 25 (citing *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 732 (3d Cir. 1970) ("A stockholder of a corporation does not acquire standing to maintain an action in his own right, as a shareholder, when the alleged injury is inflicted upon the corporation and the only injury to the shareholder is the indirect harm which consists in the diminution in value of his corporate shares resulting from the impairment of corporate assets.")); *Hardes Holding, LLC v. Sandton Credit Solutions Master Fund, III, LP*, 3:19-

CV-3009-RAL, 2019 WL 6347775, at *4 (D.S.D. Nov. 27, 2019) ("Under the shareholder standing rule, shareholders cannot appeal a bankruptcy court decision if they have only a derivative interest in the outcome.").

The Fifth Circuit has acknowledged only one limited exception to this rule: *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), *superseded by statute on other grounds as recognized by In re Woerner*, 783 F.3d 266, 274 (5th Cir. 2015) (en banc). In that case, the shareholder was permitted to object to the Trustee's attorney's fees only because of the unique situation presented by the Trustee's apparent conflict of interest. Here, the order benefitted 2500WL's attorney. It presented no conflict of interest for the Chapter 11 Trustee.

In another unique case, a sister court allowed appellate standing to a creditor, based on a debtor's shareholder interest. *Saldana*, 534 B.R. at 684. There, a divorced wife was a creditor in the divorced husband's bankruptcy case. He had also placed two of his companies in bankruptcy and the cases were jointly administered. The husband's bankruptcy estate stood to recover equity from one related company's estate, which could then be used to fund her claim as her husband's creditor. Under those circumstances, she was granted standing to enforce her own claim, through the husband's equity interest. No such scenario is operative here. BDFI has not demonstrated that it has any claim of its own to prosecute.

Another district court has suggested that a shareholder might have standing if it can show that there was sufficient equity in the debtor's estate to make a difference to the value of its shares. *See generally, In re Paragon Offshore plc*, 597 B.R. 748, 758 (D.

Del. 2019). The equity holder did not have standing because the debtor's liabilities exceeded its assets and the plan of reorganization would under no circumstances provide for a recovery to him. In comparison to the law set out above, this test is not supported by the majority of the courts. And even if it were an appropriate method for demonstrating standing, BDFI has failed to provide any evidence on which this Court may find 2500WL's assets to exceed its liabilities, given the nature of the state court litigation and BDFI's default on this motion.

## CONCLUSION

For the reasons stated above, the Court GRANTS the motion to dismiss (D.E. 10) and this appeal is DISMISSED WITH PREJUDICE.

ORDERED this 2nd day of June, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE